IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR251 |
| | ) | |
| v. | ) | |
| | ) | |
| TROY HOLLENBECK, | ) | PRELIMINARY ORDER |
| JON WHITAKER, | ) | OF FORFEITURE |
| | ) | |
| Defendants. | ) | |

      This matter is before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 148). The Court has reviewed the record in this case and finds as follows:

      1. Defendant, Jon Whitaker, has entered into a Plea Agreement, whereby he has agreed to plead guilty to Counts I and II of said Information. Count I of said Information charges the defendant with conspiracy to distribute marijuana, a violation of 21 U.S.C. § 846. Count II of said Information charges the defendant with using $234,050.00 in United States currency to facilitate the commission of the conspiracy and charges said personal property is derived from proceeds obtained directly or indirectly as a result of the commission of the conspiracy. The defendant, Troy Hollenbeck, has pled guilty to Counts I and II of said Superseding Indictment. Count I of said Superseding Indictment charges the defendant with conspiracy to distribute marijuana, a violation of 21 U.S.C. § 846. Count II of said Superseding Indictment charges the defendant with using a 2001 BMW X5 3.01, VIN WBAFA53511LM81711, and a 2001 Honda Passport, VIN 4S6DM58W814415155, to facilitate the commission of the conspiracy and charges said personal properties are derived from proceeds obtained directly or indirectly as a

result of the commission of the conspiracy. Part (b) of Count II of the Superseding Indictment was dismissed and the 2001 Honda Passport, VIN 4S6DM58W814415155 was returned to the registered owner.

2. By virtue of said pleas of guilty, the defendants forfeit their interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C. § 853.

3. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.  Accordingly,

IT IS ORDERED:

A.  The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B.  Based upon Count II of the Superseding Indictment, Information and the defendants' pleas of guilty, the United States is hereby authorized to seize $234,050.00 in United States currency and a 2001 BMW X5 3.01, VIN WBAFA53511LM81711.

C.  Defendants' interest in said properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D. The aforementioned forfeited properties are to be held by the United States in its secure custody and control.

E.  Pursuant to 21 U.S.C., § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other

than the defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

  F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

  G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

  H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

  DATED this 1st day of July, 2010.

        BY THE COURT:

        /s/ Lyle E. Strom
        ————————————————
        LYLE E. STROM, Senior Judge
        United States District Court